UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **RENATA FOREMAN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 7:23-cv-00160-AMM-NAD |
| | ) |
| **KIMBERLY NEELY, Warden;** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM OPINION

The magistrate judge entered a report on April 22, 2025, recommending the court dismiss this case pursuant to 28 U.S.C. § 1915A, based on Ms. Foreman's failure to state a claim upon which relief can be granted. Doc. 75. The magistrate judge notified Ms. Foreman of her right to file specific, written objections within fourteen days, Doc. 75 at 23–24, and on May 6, 2025, the court received Ms. Foreman's objections, Doc. 76.

In her objections, Ms. Foreman repeats many of the allegations set forth in her final amended complaint. *Compare* Doc. 31 *with* Doc. 76. She fails to identify any basis on which her *Bivens*[1] claims remain viable after the Supreme Court's trio of

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

cases of *Ziglar v. Abbasi*, 582 U.S 120 (2017); *Hernandez v. Mesa*, 589 U.S. 93 (2020); and *Egbert v. Boule*, 596 U.S. 482 (2022).

In *Bivens,* the Supreme Court created an implied private right of action for damages against federal agents for violations of the Fourth Amendment. 403 U.S. at 392, 397. The Supreme Court subsequently expanded *Bivens* "to cover two additional constitutional claims: in *Davis v. Passman*, 442 U.S. 228 (1979), a . . . Fifth Amendment claim of dismissal based on sex, and in *Carlson v. Green*, 446 U.S. 14 (1980), a federal prisoner's Eighth Amendment claim for failure to provide adequate medical treatment." *Hernandez*, 589 U.S. at 99 (cleaned up).

But in *Ziglar*, the Supreme Court held that *Bivens* provides an implied cause of action against a federal employee only in the three specific contexts it previously recognized: *Bivens*, *Davis*, and *Carlson*. *Ziglar*, 582 U.S. at 131, 135; *see also Egbert*, 596 U.S. at 490–91. Otherwise, a court must determine whether the case presents a new *Bivens* context: "[i]f the case is different in a meaningful way from previous *Bivens* cases decided by this Court, then the context is new." *Ziglar*, 582 U.S. at 139.

"[F]or a case to arise in a previously recognized *Bivens* context, it is not enough that the case involves the same constitutional right and 'mechanism of injury.'" *Johnson v. Terry*, 119 F.4th 840, 851 (11th Cir. 2024) (quoting *Ziglar*, 582 U.S. at 138–39). Instead, a court must evaluate "whether the two cases have *any*

2

relevant differences, not whether they are mostly the same." *Johnson*, 119 F.4th at 859. And where the case presents a new context, "a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Egbert*, 596 U.S. at 492 (quoting *Ziglar,* 582 U.S. at 136).

"[E]xpanding the *Bivens* remedy is now a disfavored judicial activity." *Fleming v. United States*, 127 F.4th 837, 842 (11th Cir. 2025) (quoting *Ziglar*, 582 U.S. at 135). "[W]hen courts are thinking about recognizing a new *Bivens* claim, the 'watchword' is 'caution'—so much caution that [the Supreme Court] has not found a new *Bivens* claim worth recognizing in 44 years." *Johnson*, 119 F.4th at 849. In *Egbert,* the Court stated, "[T]he most important question is who should decide whether to provide for a damages remedy, Congress or the courts?" 596 U.S. at 492 (quoting *Hernandez*, 589 U.S. at 114). In answering its own question, the Court held, "If there is a rational reason to think that the answer is 'Congress'—as it will be in most every case—no *Bivens* action may lie." *Egbert*, 596 U.S. at 492 (cleaned up).

Additionally, if an alternative remedy scheme exists, "that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action." *Ziglar*, 582 U.S. at 137. So, in *Johnson v. Terry*, the Eleventh Circuit held that the mere existence of the administrative grievance procedures available to federal prisoners counseled against

3

extending *Bivens* to any claims not specifically enumerated in *Bivens*, *Davis*, and *Carlson*. *See Johnson*, 119 F.4th at 859–60.

Here, the magistrate judge considered each of the plaintiff's constitutional claims in the light of that legal background. *See* Doc. 75. The plaintiff's claims do not resemble those in *Bivens* (unlawful search and seizure) or *Davis* (termination based on sex). And while *Carlson* was a case based on deliberate indifference to medical needs, the Eleventh Circuit has made clear that only deliberate indifference claims concerning medical needs akin to Carlson's would not arise in a new context.[2] *Johnson*, 119 F.4th at 859.

The Supreme Court's retreat from *Bivens* has left federal prisoners with scant means to brings suits for alleged violations of their constitutional rights by federal actors. *See, e.g., Ziglar,* 582 U.S. at 130 (noting that when Congress enacted 42 U.S.C. § 1983, entitling an individual to money damages if a state official violates his or her constitutional rights, Congress did not create an analogous statute for federal officials). And the Court has ruled that Congress, and not the courts, must fill that void. *See Ziglar,* 582 U.S. at 140 ("[T]he Court now holds that . . . whether

---

[2]  Specifically, the Eleventh Circuit held, "[T]he injury in this case is different from the one in *Carlson*. There the prisoner died from an asthma attack when officials failed to provide the medical care required to treat it. Here Johnson suffered severe but ultimately non-lethal physical injuries to his body that were eventually treated by the defendants. The severity, type, and treatment of Johnson's injuries differ significantly from those of the prisoner in *Carlson*." *Johnson*, 119 F.4th at 859.

4

a damages action should be allowed is a decision for the Congress to make, not the courts.").

Applied here, the Supreme Court and Eleventh Circuit have made clear that no basis exists under *Bivens* and its progeny for Ms. Foreman to bring her claims in this court.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the magistrate judge's report and recommendation, and the plaintiff's objections, the court **OVERRULES** the objections, **ADOPTS** the report, and **ACCEPTS** the recommendation. Consistent with that recommendation and 28 U.S.C. § 1915A(b), the court finds that this action is due to be **DISMISSED WITH PREJUDICE**. Ms. Foreman's "Consent Motion for Leave to File Amended Complaint," Doc. 72, is **DENIED**, as amendment would be futile.

A Final Judgment will be entered.

**DONE** and **ORDERED** this 14th day of May, 2025.



_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE